UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIO NOGUEIRA MOURAE, JR.,[1]

Petitioner,

Case No. 2:26-cv-11113

v.

Honorable Susan K. DeClercq
United States District Judge

MAT KING,

Respondent.

_______________________________/

**ORDER DISMISSING PETITION (ECF No. 1) FOR FAILURE TO PROSECUTE**

On April 6, 2026, Petitioner Dario Nogueira Mourae, Jr. filed a petition against the St. Clair County Jail Sheriff, Mat King, seeking writ of habeas corpus regarding his deportation proceedings. ECF No. 1. But Mourae did not pay the required $5.00 filing fee nor apply to proceed *in forma pauperis* (IFP), so he was notified that he needed to pay or apply by April 20, 2026. ECF No. 3. In the notice, Mourae was advised that if he did not pay or apply in time, his case may be dismissed. *Id.* at pageID.14.

---

[1] It appears that the case caption incorrectly spelled Petitioner's last name as "Mourae" when it should be "Mourao." *See* ECF No. 1 at PageID.9. For clarity and consistency with the docket, this Court uses "Mourae" but acknowledges the misspelling.

But by April 28, 2026, Mourae had not paid or applied to proceed IFP, so this Court ordered Mourae to show cause why his case should not be dismissed for failure to prosecute. ECF No. 5. In that Order, this Court warned Mourae that not responding by May 19, 2026 could result in the dismissal of his case. *Id.* at PageID.16. Yet that deadline has passed and Mourae has not responded to the show-cause order nor made any effort to correct the filing-fee issue.

Under Civil Rule 41(b), courts may dismiss a case where the plaintiff fails to prosecute or comply with the Civil Rules or court orders. FED. R. CIV. P. 41(b). Similarly, Local Rule 41.2 allows courts to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2. Indeed, under these rules, courts may *sua sponte* dismiss civil habeas petitions for failure to prosecute where the petitioner has not not paid a filing fee or submitted an IFP application. *See Gravitt v. Tyskiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) ("If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution.") (internal quotation marks and citation omitted); *see also Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (outlining four considerations for dismissing for failure to prosecute: the party's role in the failure to prosecute, prejudice to the adverse party, previous warnings about dismissal, and consideration of less drastic sanctions).

Here, because Mourae has failed to pay the filing fee, apply to proceed IFP, or respond to this Court's show-cause order, Mourae's failure to prosecute appears willful and no less drastic sanctions are available after repeated notice from this Court. *See Mulbah*, 261 F.3d at 589; *see also* ECF Nos. 4; 5 (warning Mourae twice that failing to address the deficiency or respond to the show-cause order could result in dismissal). Thus, this Court will dismiss Mourae's petition without prejudice for failure to prosecute. *See Smith v. Mich. Dep't of Corr.*, No. 14-14790, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015); *see also Sumler v. Campbell*, No. 2:25-cv-10969, 2025 WL 2300436, at *1 (E.D. Mich. July 30, 2025).

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**, thereby **CLOSING THE CASE**. This Court makes no determination as to the case's merits, and should Petitioner wish, he may refile a new habeas petition with payment of the filing for or an application to proceed *in forma pauperis*. This case will not be reopened.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 9, 2026